UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIEL RAMIREZ, | Case No. 5:10-CV-04374-EJD |
| Plaintiff, | **ORDER DENYING MOTION TO STAY; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| UNITED RENTALS, INC., and DOES 1 through 100, inclusive, | |
| Defendants. | **[Re: Docket Item Nos. 86, 96]** |

Presently before the Court are Defendant United Rentals' ("Defendant") Motion to Stay and Motion for Summary Judgment on Plaintiff Daniel Ramirez's ("Plaintiff") Amended Complaint ("AC"). Docket Item Nos. 86, 96.

Plaintiff filed a putative class action on September 28, 2010, alleging that Defendant failed to provide him with duty-free meal and rest breaks or compensate him for missed breaks as proscribed by California's meal and rest break laws. Docket Item No. 1, Ex. A. Plaintiff's complaint sets forth seven causes of action: (1) unpaid overtime in violation of Cal. Lab. Code § 510(a); (2) failure to pay minimum wage pursuant to Cal. Lab. Code §§ 1182.12, 1194, 1194.2, 1197; (3) failure to pay all wages upon separation per Cal. Lab. Code §§ 201 et seq.; (4) failure to provide meal and rest periods per Cal. Lab. Code § 226.7; (5) failure to provide accurate itemized

1
Case No. 5:10-CV-04374-EJD
ORDER DENYING MOTION TO STAY; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

wage statement per Cal. Lab. Code § 226(a), (e), (g); (6) unfair business practices under Cal. Bus. & Prof. Code §§ 17200, et seq.; and (7) unjust enrichment.

Class certification was denied in 2013 (Docket Item No. 61) and Defendant filed the present Motion for Summary Judgment on March 25, 2014 (Dkt. No. 86). Defendant argues that Plaintiff's claims must be dismissed because he cannot allege violations of California's labor laws. Defendant claims that because it is a motor carrier governed by the Department of Transportation ("DOT") and Federal Motor Carrier Safety Administration ("FMCSA") Regulations, Plaintiff's Hours of Service ("HOS") were regulated by the DOT and fall within the Motor Carrier Exemption to California's Industrial Welfare Commission Order 9-2001 Regulating the Wages, Hours and Working Conditions in the Transportation Industry ("Wage Order 9"), 8 Cal. Code Regs. § 11090(3)(L). Defendant further argues that Plaintiff's claims predicated on California's meal and rest break laws are preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA").

For its argument concerning preemption under the FAAAA, Defendant heavily relies on the decision issued in Dilts v. Penske Logistics, LLC, 819 F. Supp. 2d 1109 (S.D. Cal. 2011). That decision was reversed two days ago by the Ninth Circuit (Dilts v. Penske Logistics, LLC, No. 12-55705, 2014 WL 3291749 (9th Cir. July 9, 2014)) and now Defendant asks for a stay of the action pending the court's mandate. However, this Court finds it unnecessary to stay the action at this time and the request to stay is DENIED.

As such, the Court now turns to Defendant's Motion for Summary Judgment. A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets this initial burden, the burden then shifts to the non-moving party to go beyond the pleadings and designate specific materials in the record to show that there is a genuinely disputed fact. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); Barlow v. Ground, 943 F.2d 1132, 1134-36 (9th Cir. 1991).

Plaintiff does not oppose summary judgment as it relates to his first and seventh causes of action. As such, summary judgment is GRANTED in favor of Defendant as to Plaintiff's first cause of action for unpaid overtime in violation of California Labor Code § 510(a) and seventh cause of action for unjust enrichment.

Defendant contends that Plaintiff's remaining causes of action must fail because California's meal and rest break laws are preempted by the FAAAA. However, the Ninth Circuit recently determined that the FAAAA does not preempt California's meal and rest break laws because those laws are not "related to" prices, routes, or services of motor carriers, as they do not "set prices, mandate or prohibit certain routes, or tell motor carriers what services they may or may not provide, either directly or indirectly." Dilts, 2014 WL 3291749, at *7. Therefore, summary judgment is DENIED as to Plaintiff's second, third, fourth, fifth and sixth causes of action.

In conclusion, Defendant's Motion for Stay will be DENIED and the Motion for Summary Judgment will be GRANTED in part and DENIED in part.

**IT IS SO ORDERED**

Dated: July 11, 2014

EDWARD J. DAVILA
United States District Judge